## LYMAN KINSLEY vs. LEWIS RICE & others.

The holder of a policy of insurance, made by a stock company when under liability for losses to an amount equal to their capital stock, cannot maintain an action on the Rev. Sts. c. 37, § 18, against the directors for a loss under his policy, without first recoveiing a judgment against the company, fixing the amount of the loss.

THOMAS, J.   This action seeks to charge the defendants as directors of the Metropolitan Insurance Company for a loss by fire under a policy of insurance issued by that company.   It seeks to charge them by force of the provisions of the Rev. Sts. c. 37, § 18.   That section provides that if " any of the said companies [stock companies] shall be under liability for losses to an amount equal to their capital stock, and the president or directors, after knowing the same, shall make any new or further insurance, the estates of all who shall make such insurance or assent thereto shall be jointly and severally liable for the amount of any loss which shall take place under such insurance." The declaration contains a count in tort and one in contract, both setting forth facts which (assumed to be true, as they must be in this hearing) would render the defendants liable.

To both counts the defendants have demurred, and on two grounds; first, that the declaration does not allege that the plaintiff has established his claim against the insurance company by a suit and judgment at law or otherwise; and secondly, that the defendants are not liable under the statute to a personal action at law.

The question raised by the demurrer is not as to the ultimate liability of the defendants, but whether the suit can be maintained in this form.   We think it cannot; that the loss as against the company must be ascertained and determined before the plaintiff can proceed against the defendants as directors making the insurance ; that it is upon and for a loss ascertained and determined that the defendants are to be charged, if at all.

Though the words of the statute would seem, at first view, to warrant an action at law against the defendants, as the par-

ties originally liable under the contract for the loss, the diffi-
culties attending such construction are insuperable. Such
has been the conclusion of this court in the interpretation of
other statutes creating like liabilities of the officers or stock-
holders of corporations. *Harris* v. *First Parish in Dorchester,*
23 Pick. 112. *Knowlton* v. *Ackley,* 8 Cush. 93. *Merchants'*
*Bank* v. *Stevenson, ante,* 235, and cases cited.

1. The determination of the loss must necessarily precede the
question of the liability of the defendants as directors for such
loss. The first is a question between the insured and the com-
pany. The contract of insurance is with the corporation. The
corporation is the party primarily liable. It is the party by
whom the question of loss must be tried. A judgment in this
suit would not conclude the company, which is not a party to
the record, and has no day in court. On the other hand, no one
of the defendants nor all could contest the liability of the com-
pany as against its own default or admission. *Holyoke Bank*
v. *Goodman Paper Manuf. Co.* 9 Cush. 576.

2. If the question whether there was a loss or not within the
policy could be settled in a suit against the directors, so far as
the defendants in the suit were concerned, and so as to charge
them, then, as the liability of the president and directors is sev-
eral as well as joint, the question of the loss might have to be
tried as many times as there were president and directors whom
the plaintiff might seek to charge. The results of the different
suits as to the loss under the policy might conflict; in one case
for the insured, in another for the underwriters; and if in all
cases for the insured, the estimates of the loss by different juries
might widely differ.

3. The result of a construction of the statutes, by which the
question of the loss should be tried in the suits against the
directors or any of them, would be to defeat and deprive any
director sued and charged of the benefits of those provisions of
the statutes, which give him a remedy for contribution against
any other director or directors for his or their due proportion
by bill in equity or action at law against the corporation for the
money paid by him; for neither the corporation nor the other

directors could be concluded by judgment as to the loss, in a suit to which they were not parties and in which they had no power to intervene.   Rev. Sts. *c.* 37, § 35.

The regular course of procedure is for the insured to ascertain and fix the amount of his loss by judgment against the company ; and then, if there. are any of the directors who are liable for the judgment under the provisions of the statutes, a bill in equity or action of contract may be brought against such directors or any of them, setting forth the claim against the corporation and the grounds on which the insured expects to charge the defendants personally.   Rev. Sts. *c.* 37, § 34.

For the purposes of this case, it is sufficient to say this action cannot be maintained, because it does not appear that the plaintiff has established his claim for loss against the company.

*Demurrer sustained.*

*E. Merwin,* for the defendants.
*C T. Russell,* for the plaintiff.